Joseph **RENDZIO**, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,** Defendant.

Civ. A. No. 4–72512.

United States District Court, E. D. Michigan, S. D.

Oct. 21, 1975.

---

**918**

Albert B. Lassen, The Legal Aid Office, Detroit, Mich., for plaintiff.

Saul A. Green, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Joseph Rendzio was denied Medicare benefits for the period of April 15, 1972 through May 27, 1972, during which he was an inpatient at the Medicenter in Southfield, Michigan, on the ground that the services provided during that period were mere "custodial care" and therefore excluded from coverage by 42 U.S.C. § 1395y(a)(9) (1974). The issue here is whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1395ff(b). The court finds substantial evidence that plaintiff received only custodial care, and affirms the decision of the Secretary.

Plaintiff underwent orthopedic surgery for a fracture of the hip, and was subsequently transferred to the Medicenter upon the recommendation of his physician. He stayed at the Medicenter from March 4, 1972 through May 27, 1972. On June 20, 1972, plaintiff was informed by the Secretary that he was ineligible for Medicare benefits for services beyond April 14.

To sustain the Secretary's denial of benefits, this court must find that it was based upon "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion". *Combs v. Gardner*, 382 F.2d 949, 956 (6th Cir. 1967). Since the burden of proving entitlement to Medicare benefits is on the claimant, *see, e. g., Johnson v. Richardson*, 336 F.Supp. 390, 394 (E.D.Pa.1971), the conclusion that the record must adequately support is not that lack of entitlement was proved, but that plaintiff failed to establish entitlement. Thus if the evidence is evenly balanced, the Secretary's decision is correct; even if this court would independently find a slight preponderance in favor of plaintiff, the Secretary must nevertheless be sustained.

*Underwood v. Ribicoff,* 298 F.2d 850, 851 (4th Cir. 1962). Finally, the court must not view the evidence supporting the Secretary's conclusion in isolation, but within the context of the record as a whole, taking into account "whatever in the record fairly detracts from its weight". *Universal Camera Corp. v. N. L. R. B.,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

▪ The most significant evidence in plaintiff's favor is a letter from his physician, Dr. John T. Beuker, dated February 9, 1973 (Exhibit 6, Tr. 108). Dr. Beuker stated:

"Joseph Rendzio was operated on by me in February, 1972, for a fractured hip. The surgery was performed on March 3, 1972, when a closed reduction was performed and a Smith-Peterson nail was applied.

"This man was subsequently admitted to the Medi-Center. He had marked difficulty understanding and obeying proper instructions for his hip. For this reason *it was felt that his medical stay at the Medi-Center was an absolute necessity . . . .*" (Emphasis added.)

There is support for the proposition that great weight should be accorded the views of the attending physician. *See, e. g., Reading v. Richardson,* 339 F. Supp. 295, 301 (E.D.Mo.1972) (physician certified that care received was "absolutely necessary"). There is, however, persuasive authority to the contrary. In *Weir v. Richardson,* 343 F. Supp. 353 (S.D.Iowa 1972), the court upheld the Secretary's finding of "custodial care" despite the plaintiff's contention that the certifying physician's statement should be given controlling weight. The court stated:

"The Court would have great reluctance in holding that the rule allowing great weight to an examining physician's opinion in disability cases should extend to Medicare cases. Obviously, the examining physician has much more of a personal interest in the outcome of Medicare cases; a rule giving great weight to his opinion in

Medicare cases would create the opportunity for substantial abuses in the program. This Court, therefore, holds that a certifying doctor's opinions with respect to the necessity of skilled medical care are not of controlling weight, but may properly be weighed against all other evidence before the Secretary." 343 F.Supp. at 357.

This court is in agreement with the *Weir* approach; while the opinion of the plaintiff's physician is entitled to be weighed along with the other evidence, it should not be given additional weight.

▪ To be weighed against the opinion of Dr. Beuker was that of Dr. Benjamin M. Lewis, a medical advisor employed by the Secretary. Dr. Lewis independently examined the medical records, orders and notes that were compiled during plaintiff's stay at the Medi-center. Based upon this study, Dr. Lewis answered written interrogatories (plaintiff having waived an oral hearing) put to him by the Administrative Law Judge (Exhibit 9). In answer to the question:

"4. If the services in the extended care facility were custodial, please explain in detail citing numbers and pages."

Dr. Lewis responded:

"After April 14, 1972 Mr. Rendzio required rather minimal help with the activities of daily living. Indeed the main nursing care provided consisted of admonitions to refrain from bearing weight on his right hip. He received orally given medications in stabilized doses. His main symptom during the period in question was a cough. Investigation of this was limited to a chest x-ray on April 12, 1972 and treatment consisted of an antihistamic cough syrup. A similar preparation is widely sold and used without a prescription; consequently its administration hardly qualifies as a skilled nursing service." (Tr. 115). This court's own reading of the records upon which Dr. Lewis relied indicates that his summary of the services provided is factually accurate.

While "custodial care" is not statutorily defined, it has been construed by the courts to mean "any treatment which need not be provided in an institutional setting by trained and skilled professional personnel". *Ridgley v. Secretary*, 475 F.2d 1222, 1223 n.3 (4th Cir. 1973); *Sokoloff v. Richardson*, 383 F. Supp. 234, 237 (E.D.N.Y.1973). The primary justification offered by plaintiff's physician for the necessity of plaintiff's stay at the Medicenter was that "he had to be under constant supervision to see that he did not bear excessive weight on his hip". (Tr. 108). Dr. Lewis, however, was of the opinion that this supervision "could easily have been carried out by an intelligent lay person after an initial explanation by a physician". (Tr. 116).

The opinion of Dr. Lewis and the medical records upon which it was based constitute substantial evidence for the Secretary's determination that plaintiff failed to carry his burden of proving entitlement to Medicare benefits for the period after April 14, 1972. Accordingly, the Secretary's decision is affirmed.

An appropriate order may be submitted.