Robert N. WILLIAMS, Plaintiff-Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 78–1222.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 21, 1979.

Decided March 5, 1979.

Frank M. Tuerkheimer, U. S. Atty., Madison, Wis., Morton Hollander, Chief, Appellate Section, U. S. Dept. of Justice, Frederic D. Cohen, Civil Division, U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Robert N. Williams, pro se.

Before SWYGERT, CUMMINGS and TONE, Circuit Judges.

PER CURIAM.

This is an appeal from a default judgment entered against the defendant, the Secretary of HEW, in a proceeding brought to review the Secretary's denial of retirement insurance benefits. The Secretary alleges that the trial court erred in substituting the standard set by Fed.R.Civ.P. 55(e) for default against the United States for the standard of review in Social Security Act cases, as established by 42 U.S.C. § 405(g).[1] This appeal is considered on the briefs and record, without oral argument, pursuant to Fed.R.App.P. 2.

Plaintiff's complaint was filed August 25, 1977, challenging the Secretary's determination that plaintiff's birth date was March 26, 1915, as confirmed by the original birth certificate and the 1920 census records, rather than March 26, 1914, as plaintiff alleges and supports with the family records and the affidavits of family and friends. The Secretary's answer was not filed when due, on October 25, 1977, because of delay in the preparation of the administrative record. Two days later the Secretary filed for an enlargement of time, and on November 4, the magistrate ruled

---

1. Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that on appeal to the district court from a final decision of the Secretary,

    The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .

    Rule 55(e) of the Federal Rules of Civil Procedure provides:

    No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

that the delay was not due to excusable neglect, denied the request, and entered default. Hearing on plaintiff's default judgment motion was held on November 23, 1977, at which hearing the Secretary submitted a copy of the administrative record, and the plaintiff also submitted evidence.

The court ruled that the plaintiff had satisfied the Rule 55(e) requirement for default judgment against the United States by establishing "his claim or right to relief by evidence satisfactory to the court." The court acknowledged that "there is evidence in the record specifically, and particularly the original birth certificate filed with the Register of Deeds of Adams County, which would support a finding that the plaintiff's date of birth was March 26, 1915," but went on to say that "I believe that in a default judgment proceeding I am not bound to give any weight to the determination of the Administrative Law Judge nor am I bound to confine my consideration to evidence presented during the Administrative hearing."

■ It is well established that judicial review of administrative determinations under the Social Security Act is severely limited. *Johnson v. Weinberger*, 525 F.2d 403, 406–07 (7th Cir. 1975); *Lahr v. Richardson*, 476 F.2d 1088, 1090 (7th Cir. 1973); *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971). Section 405(g) establishes the standard for review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Section 405(h) makes that standard exclusive: "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal,

or governmental agency except as herein provided." [2] Even in the event of default by the government, the standard of review established by 42 U.S.C. § 405(g) and made exclusive by § 405(h) still holds. Although Fed.R.Civ.P. 55(e) permits default judgment against the United States where "the claimant establishes his claim or right to relief by evidence satisfactory to the court," the claimant seeking judicial review cannot establish that right except by showing, in accordance with the exclusive standard of 42 U.S.C. § 405(g), that the Secretary's determination is not "supported by substantial evidence."

■ The opinion of the district court that because of Rule 55(e) weight need not be given to the determination of the Administrative Law Judge, was thus erroneous. Courts considering the interaction of § 405(g) and Rule 55(e) have held that default judgment may not be entered against the Secretary "without considering the transcript of the record." *Poe v. Matthews*, 572 F.2d 137 (6th Cir. 1978). *Cf. Howard v. Weinberger*, 489 F.2d 217 (5th Cir. 1973). The court in this case conducted a de novo review because it believed that in a default judgment hearing it was not bound by the record before it. Even in default judgment proceedings, however, the standard remains, as stated in § 405(g), substantial evidence in the record to support the Secretary's findings, and does not shift to "substantial evidence in the record to [support the] claimant's claim." *Howard v. Weinberger*, 489 F.2d 216, 217 (5th Cir. 1973). Thus, even in default proceedings judgment cannot be entered without the record, and must be based on the record

---

2. Section 405(h) states in full that:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.

In *Weinberger v. Salfi*, 422 U.S. 749, 756–62, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court

held that the final sentence of § 405(h) precludes review of Social Security claims based on federal question jurisdiction, 28 U.S.C. § 1331. In other words, section 405(g) is the exclusive basis for jurisdiction in Social Security claims. The Court did not consider the second sentence of § 405(h), which we understand to mean that § 405(g) also establishes the exclusive standard and procedure for review, applicable in Social Security cases. *See Wellens v. Dillon*, 302 F.2d 442 (9th Cir. 1962); *Satterfield v. Celebrezze*, 244 F.Supp. 190 (W.D.S.C.1965).

alone and not on a de novo reconsideration of the evidence.

Accordingly, the judgment of the district court is vacated and the cause remanded for review according to the standard established by 42 U.S.C. § 405(g).