Antonio ALAMEDA, Plaintiff, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Jose SANTIAGO, Plaintiff, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Alfonso Reyes RODRIGUEZ,
Plaintiff, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Jesus M. TORRES, Plaintiff, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Ladislao MATOS, Plaintiff, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Hortensia Robles RIOS, Plaintiff,
Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Maria O. SANTANA, Plaintiff, Appellee,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellant.

Nos. 79–1173, 79–1175, 79–1182 and
79–1289 to 79–1292.

United States Court of Appeals,
First Circuit.

Argued Feb. 7, 1980.

Decided May 22, 1980.

Susan A. Ehrlich, Atty., Civ. Div., App. Staff, U. S. Dept. of Justice, Washington, D. C., with whom Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., and William Kanter, Atty., Civ. Div., App. Staff, U. S. Dept. of Justice, Washington, D. C., were on brief, for defendant, appellant.

Fellciano Canino, Hato Rey, P. R., for plaintiff, appellee, Antonio Alameda.

Lawrence Odell, Hato Rey, P. R., for plaintiff, appellee, Alfonso Reyes Rodriguez.

Jose A. Olivieri Rodriguez, Mayaguez, P. R., for plaintiff, appellee, Jesus M. Torres.

Jorge M. Canellas, San Juan, P. R., for plaintiff, appellee, Jose Santiago.

Rafael Carreras Valle, Rio Piedras, P. R., for plaintiff, appellee, Hortensia Robles Rios.

Before COFFIN, Chief Judge, WISDOM, Senior Circuit Judge,* CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

These seven consolidated cases present an important question about judicial supervision of appeals from administrative denials of social security disability benefits. In each case, after a claimant filed a complaint in the district court, the Secretary of Health, Education and Welfare filed an answer and transcript of the administrative record, as required by 42 U.S.C. § 405(g). The Secretary repeatedly failed, however, to honor the orders of the district court to file legal memoranda in support of the administrative decisions. The question presented to us is whether the district court acted within its authority and discretion when in response to this frustrating inaction, it struck the denials in the Secretary's answers, found the claimants entitled to benefits and remanded to the Secretary for computation of benefits.

The court acted on this problem first on January 19, 1979 in reference to three cases. It described the extensive delays wrought, the repeated requests of the Secretary for extensions of time, its liberal granting of extensions, and the Secretary's ultimate

---

* Of the Fifth Circuit, sitting by designation.

failure to file memoranda or offer explanation for noncompliance. Being concerned about the "contumacious disregard of its orders" to the continuing disadvantage of claimants, it ordered that the allegations in the three complaints be taken as established, that the denials in the answers be stricken, and that the cases be remanded for computation of benefits. On April 9, 1979, in response to the Secretary's motion to set aside this action, the court reviewed the extent of delay in each case, and took note of similar delinquency in other cases— four, six, or more months passing before an answer was filed and a subsequent similar period elapsing without any legal brief furnished. The Secretary argued that the court's action amounted to a default judgment against the United States, prohibited by Fed.R.Civ.P. 55(e).[1] The court rejected this argument because it reasoned that its acceptance would leave the court powerless to require the Secretary to comply with lawful court orders. It held it had power to take this action to enforce its order that the Secretary file a legal memorandum and pointed to new local rule, Rule 29,[2] scheduling periods of time within which the Secretary must file the administrative record and memorandum and setting forth pertinent sanctions. A few weeks later, the court entered a similar order in the remaining cases now before us. The Secretary challenges both the default judgments and local Rule 29.

If the court had authority, there is no doubt that it did not abuse its discretion. We have seen no other situation where for many months this major department of the federal government not only declared itself so understaffed that it could not file the simplest of legal memoranda to help advance the resolution of claims of the most misery-ridden claimants, but did not take the trouble to explain to the court the problems it faced. Its sole approach to the court lay in repetitive boilerplate requests:

"1. Defendant would like to file a memorandum of law prior to the adjudication of this case by the Court, in support of the allegations contained in his answer to the complaint.

"2. Due to the enormous litigation of Social Security cases defendant needs some time to prepare his brief."

Whereupon defendant usually sought sixty more days. Subsequently defendant moved to submit several of these cases without benefit of legal memoranda.

We know all too well the large number of social security cases brought in the district court for the District of Puerto Rico; appeals before us of this genre are almost wholly from this district. We are also aware of the importance of giving these causes quality consideration. We fully agree with the district court that a government brief is often essential in helping a judge wend his or her way efficiently through a record sometimes dominated by medical specialists' nomenclature. We appreciate the burden processing disability claims places on the Secretary's shoulders, but see no justification in meeting this burden by shifting the task to an unaided district court and the claimant.

---

1. Fed.R.Civ.P. 55(e) provides: "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

2. Local Rule 29 (Social Security Act, Title 42 U.S.C. § 405(g)), Rules of the United States District Court for the District of Puerto Rico, provides in pertinent part:
  "B) The defendant (the Secretary of Health, Education and Welfare) shall have sixty (60) days to answer the complaint and to file the administrative transcripts of the administrative proceedings. Defendant will not be granted any extension to answer the complaint in excess of thirty (30) days.

  "C) The time within which defendant has to file his memorandum shall be ninety (90) days from the date of the filing of the answer to the complaint.
  "D) No extension beyond ninety (90) days will be granted to the defendant to comply with the provisions of (C) above.
  "Failure of any party to comply with the terms herein established may subject the offending party to appropriate sanctions including dismissal of the complaint, remand of the case for computation and payment of benefits pending final outcome of the proceedings, disciplinary action against attorneys and such other measures as justice may require."

The problem of the court's authority to enter these judgments arises from the requirement of Fed.R.Civ.P. 55(e) that a default judgment may issue against the United States only if "the claimant establishes his claim or right to relief by evidence satisfactory to the court." In this case the district court did not pretend to pass on the sufficiency of any evidence. The problem is further complicated by the requirement of 42 U.S.C. § 405(g) that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary . . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Subsection (h) adds that this is the exclusive standard of review.

We read pertinent and compelling case authority as barring a court from granting relief to a social security claimant, even in a context of default by the Secretary, unless the claimant establishes his claim by introducing some evidence that the Secretary's conclusions are not supported by substantial evidence. *Williams v. Califano*, 593 F.2d 282 (7th Cir. 1979); *Poe v. Mathews*, 572 F.2d 137 (6th Cir. 1978); *Carroll v. Secretary, Department of Health, Education and Welfare*, 470 F.2d 252 (5th Cir. 1972). If the claimant cannot make such a showing, § 405(g) requires that the Secretary's findings be deemed conclusive.

The Secretary would have us conclude that this is the end of the matter; the court must proceed to comb the record for substantial evidence with which to uphold the administrative decision. The argument proceeds even to the assertion that a court has no power to order the Secretary, a non-moving party in a disability appeal, to file a legal memorandum. Thus, the Secretary claims discretion to abstain from filing a brief in any disability appeal and leaves to the court the task of making the government's case. We think the Secretary misinterprets the effect of Rule 55(e).

These cases present situations of tension among several legitimate interests. There is first the social and statutory purpose to process claims with reasonable expedition. There is then the statutory burden laid on a social security claimant, who, after all, has had the benefit of the administrative process at hearing and appellate levels. A third interest is that of the court, which must be able to insist that the adversary process function. A fourth interest, underlying Rule 55(e)'s limitation of default against the government, was long ago stated by Judge Wisdom in *Campbell v. Eastland*, 307 F.2d 478, 491 (5th Cir. 1962), "The Rule rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant."

It is tempting to observe that many social security reviews by the district court are simple matters, which can often be resolved by reading the findings of the Secretary without recourse to a memorandum of facts and law. But not all social security cases are of this nature. Moreover, appellant may have presented legal arguments, or even assertions as to the new circumstances bearing on the equities, which the court will want to have answered before deciding. (In a few cases a remand to the Secretary may become a serious option not because the Secretary has acted improperly but because of newly discovered medical evidence or the like.) The court is, in any event, entitled to a current response by the Secretary, who is presumed to be expert in these matters, so that it can handle the case both justly and efficiently with the benefit of the Secretary's knowledgeable views and legal arguments.

The district court has authority to order the Secretary to submit memoranda of law just as it has the authority to require oral argument and attendance at conferences. This authority is an inherent power, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d

734 (1962). That the Secretary appeared as a defendant does not give her license to decline to cooperate in the litigation of these cases. *See Luis C. Forteza e Hijos, Inc. v. Mills,* 534 F.2d 415, 418 (1st Cir. 1976). Were the Secretary a private litigant, we assume the court could have entered a judgment of default; the Secretary's failure to file the requested memoranda or even explain the failure after months of delay, amounted to a failure under Fed.R.Civ.P. 55(a) to "otherwise defend" the suit.[3] *See id.* at 419; *Shapiro, Bernstein & Co., Inc. v. Continental Record Co., Inc.,* 386 F.2d 426, 427 (2d Cir. 1967). The United States' failure is still cognizable; Rule 55(e)'s limitation of default *judgments* does not prohibit an *entry* of default against the government under Rule 55(a). It does not relieve the government from the duty to defend cases or obey the court's orders.[4] Indeed, this privilege against default judgments, in our view, heightens the government's duty to cooperate freely with the court which must function without a customary sanction to insure that the litigation proceeds in an orderly manner and that the private litigant obtains an expeditious adjudication of his legal rights.

█ If our system largely depends, as we think it indisputably does, on the functioning of the adversary principle, do § 405(g) and (h) and Rule 55(e) allow any room for a court's penalizing a party's failure to contribute a brief? We think that not only do they permit some measured sanctioning, but they require it. Rule 55(e) does not prohibit default judgments against the United States in all circumstances, but only when the claimant has not established his claim "by evidence satisfactory to the court." If, because of § 405(g), a court were required to subject an administrative transcript to the same degree of analysis as if it had the help of focused, opposing briefs, even though it had received a memorandum only from the claimant, the language of Rule 55(e) concerning "evidence satisfactory to the court" would have lost any meaning or purpose. We think the natural intendment of this language is that, after entry of default against the government, the quantum and quality of evidence that might satisfy a court can be less than that normally required.

█ So to construe the evidentiary requirement of Rule 55(e) does not do violence to § 405(g). Requirements as to who has the burden and how much and what kind of evidence are needed to meet that burden lose something of their force if a default judgment is justified. Admittedly, so long as § 405(g) has any force, claimant can "establish his claim" only by showing that there is no "substantial evidence" supporting the Secretary. *Howard v. Weinberger,* 489 F.2d 216, 217 (5th Cir. 1974). The court must not conduct a de novo evidentiary hearing, but rather should base its conclusion on the administrative record alone. *Williams v. Califano, supra,* 593 F.2d at 284–85. We think that the somewhat more relaxed review contemplated by Rule 55(e) would allow a court in a case where a brief from the Secretary is not forthcoming to rely on a claimant's brief pointing out the lack of sufficient evidentiary support in the

---

3. Fed.R.Civ.P. 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default." The entry of default is similar to a finding of liability, but is not a final judgment. *See generally* Moore's Federal Practice ¶¶ 55.02[3], 55.03[1] (1976).

4. Cases concerning the government's failure to comply with discovery orders are analogous. Fed.R.Civ.P. 37(b) allows the court, in the event of such failure, to deem established designated facts. Courts have approved this

course even when the result of establishing crucial facts is the equivalent of a default judgment. *Campbell v. Eastland,* 307 F.2d 478, 491–92 (5th Cir. 1962), *cert. denied,* 371 U.S. 975, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); *Reynolds v. United States,* 192 F.2d 987 (3d Cir. 1951), *rev'd on other grounds,* 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); *Kahn v. Secretary of Health, Education and Welfare,* 53 F.R.D. 241 (D.Mass.1971). Rule 55(e) thus neither relieves the government from litigation duties nor strips courts of all ability to sanction.

administrative transcript[5] for the Secretary's conclusion.

Should a district court finding for the claimant be appealed to us, the scope of our review would be limited by the terms of Rule 55(e). We would not easily set aside the judgment if the entry of default was justified and the claimant's district court brief and reference to the record appeared relevant, fair and reasonably comprehensive. If the brief should entirely lack these virtues or refer to evidence supporting the Secretary's decision that was clearly "substantial", we would have no choice but to reverse. Nonetheless, if the district court and we have been put in the predicament of flying on one wing, the flight need not be lengthy. We emphasize that our concern will not be with examining the record for substantial evidence, but with assuring ourselves that the district court properly applied Rule 55(e).

■ While this approach may not give dramatic vindication of a court's authority to command assistance, it seems to us to recognize the legitimate expectations of social security claimants for expedition, respect the requirements of § 405(g) and (h), consistently with the greater deference to a court permitted by Rule 55(e), while at the same time making unlikely any obviously unjustified diversion of taxpayers' funds. *Cf. Campbell v. Eastland, supra*; 6 J. Moore's Federal Practice ¶ 55.12, p. 55–324 ("*Campbell* does accord fair treatment to both the private litigant and the government while at the same time preserving at least the essential purpose of Rule 55(e).")

■ Insofar as local Rule 29 is concerned, we see no inconsistency with either federal statutes or rules of procedure, so long as the district court proceeds to require and weigh evidence in accordance with this opinion.

*Judgments are vacated and the cases are remanded to the district court for further proceedings consistent with this opinion.*

5. While in one of these cases an administrative record was not filed, we understand that all cases have been presented to us on the basis that the administrative record, but not a brief, had been filed. We thus are not called upon to

determine whether mandamus or some other remedy would be available to compel production of a record. *See Poe v. Mathews,* 572 F.2d 137, 138 (6th Cir. 1978).