**Dominick MONTROSE, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary, U.S. Department of Health & Human Services, Defendant.**

**Civ. No. 83–0235 P.**

United States District Court,
D. Maine.

Feb. 1, 1984.

---

Arthur H. Dumas, Sanford, Maine, for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Maine, for defendant.

### ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

GENE CARTER, District Judge.

This is an action brought by the Plaintiff to obtain judicial review, pursuant to 42 U.S.C. § 405(g), § 1383(c)(3) and § 1395ff(b), of a final decision of the Defendant Secretary denying a claim for disability insurance benefits in a period of claimed disability under 42 U.S.C. § 416(i) and § 423(d). The denial of the claim was accomplished in a decision by an Administrative Law Judge issued on January 27, 1983. That decision was affirmed by an Appeals Council on June 15, 1983, and became the final decision of the Secretary. The Plaintiff filed with this Court on July 7, 1983, his complaint seeking review of the Secretary's final decision, accompanied by a motion for permission to proceed *in forma pauperis*. That motion was granted on July 7, 1983. The Defendant Secretary did not answer within sixty days as required by Fed.R.Civ.P. 12(a). On September 23, 1983, some *eight* days after the expiration of the period prescribed for the filing of the Defendant Secretary's responsive pleadings, the Secretary filed a "Motion for *First* Extension of Time in Which to Answer, Move, or Otherwise Plead." (Emphasis added.) This Court, by its Order filed on September 23, 1983, denied that motion for failure to make a showing of "excusable neglect" as required by Fed. R.Civ.P. 6(b)(2).

Thereafter, on October 3, 1983, Plaintiff filed a motion for default judgment based upon the provisions of Fed.R. Civ.P. 12(a). That motion was accompanied by an affidavit filed on the same date, to which were attached numerous portions of the record from the administrative record. Thereafter, on November 10, 1983, *a month and seven days subsequent to the filing of the Motion for Default,* the De-

fendant Secretary filed a motion to remand this case to the Secretary pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) "for the purpose of holding a supplemental hearing because of sustained inaudible portion of the tape." That Motion is this date denied by separate order of the Court for failure to make any showing whatever of good cause. The motion sets forth none of the circumstances disclosing either the reasons for the tape being inaudible or for the tardy fashion in which this circumstance has been (1) discovered, or (2) brought to the attention of this Court.

 It is crystal clear that the Court may not default the Secretary in an action such as this because of the Secretary's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure. *Alameda v. Secretary of Health, Education and Welfare*, 622 F.2d 1044 (1st Cir.1980). This is because of the "requirement of Fed.R.Civ.P. 55(e) that a default judgment may issue against the United States only if 'the claimant establishes his claim or right to relief by evidence satisfactory to the court'." *Id.* at 1047. Further, under the provisions of 42 U.S.C. § 405(g), the Court in awarding relief in this type of proceeding must accept the fact-findings of the Secretary where they are supported by substantial evidence and subsection (h) mandates this as "the exclusive standard of review." *Id.*

 The Secretary here is clearly in default of the requirements placed upon her by Rule 12(a) of the Federal Rules of Civil Procedure and the explicit language of 42 U.S.C. § 405(g). The Rule requires that the Secretary serve her answer within sixty days after the service upon her of the complaint. Fed.R.Civ.P. 12(a). The statute requires that "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). The Secretary, in this case, has clearly failed to file, without any prior explanation to the Court, either a responsive pleading or the administrative record as required under § 405(g). Her failure to comply with the rules that are intended to be applicable to all parties in this action would clearly warrant sanction, including entry of default and default judgment, against any litigant other than an agency of the United States of America. The Secretary is, however, insulated by the provisions of Rule 55(e) from imposition of the ultimate sanction of default in the absence of a record of the evidence taken in the administrative proceedings sufficient for the Court to reach a determination that the Plaintiff has established his claim "by showing that there is no 'substantial evidence' supporting the Secretary." *Alameda*, 622 F.2d at 1048.

In this Circuit, at least, the Court is not without resources of a compulsory nature to force the Secretary to comply with its statutory and procedural duties with respect to progress of this litigation. Such conduct on the part of the Secretary cannot help but to be a hindrance to "the resolution of claims of the most misery-ridden claimants," *Alameda*, 622 F.2d at 1047. This case is not the first, or even the most recent, occasion this Court has had to confront instances of substantial and prejudicial delay resulting from a pattern of procedural neglect or noncompliance by the Secretary, often of the most casual and unexplained nature. This case involves a situation in which there has occurred a delay of over six months in which the Secretary has failed to file an answer and a copy of the administrative record for purposes of this Court's review. It is not at all atypical. The Secretary, indeed, now proposes in this very case to have this matter remanded *for further proceedings in the administrative arena* on the bare allegation that a supplemental hearing is necessary "because of sustained inaudible portion of the tape." No explanation is given as to the cause of or the responsibility for the inaudible portion of the tape. Nor is any indication given that the record, because of the defect in the tape, is inadequate for a sufficient review by this Court of the Secretary's decision. It is not shown that any inade-

quacy in the record cannot be corrected in a more expeditious manner than by remand of the entire case for supplemental proceedings.

Such conduct is deserving of the severest condemnation in a case of this type which involves a claimant who is so penurious that he has qualified to have *in forma pauperis* status conferred upon him in order that he may pursue his claims to daily, material sustenance in this Court. Such conduct would assuredly result, strictly on the basis of considerations of fundamental fairness and of the interest of the Court in the expeditious progress of its docket, in the imposition of the severest of sanctions, including default, were an agency of the United States of America not the offending party.

Accordingly, although the Court must respect the provisions of Fed.R.Civ.P. 55(b) as enjoined upon it by the Court of Appeals for the First Circuit in *Alameda,* this Court is satisfied that it has the inherent authority "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Alameda,* 622 F.2d at 1047, to require that the Secretary expeditiously file with this Court such portion of the record as is available to be prepared and filed by the Secretary pursuant to her obligations under 42 U.S.C. § 405(g). The Court is charged to see to the application of the Rules of Civil Procedure "to secure the *just,* speedy, and inexpensive determination *of every action.*" Fed.R.Civ.P. 1 (emphasis added). The Court finds such an order to be the only effective way to preserve this Plaintiff's right to justice in this court and to deter the further pursuit by the Secretary of that course of egregiously dilatory practice.

Accordingly, it is ORDERED:

(1) That the Plaintiff's motion for default judgment herein be, and is hereby, DENIED, and

(2) That the Defendant Secretary shall file within ten (10) days of this date, which period shall not be subject to

further enlargement, such portion of the complete administrative record, required by 42 U.S.C. § 405(g), as is available to be prepared for such filing.

So ORDERED.