Sonia C. Jaipaul, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

**Richard C. MORTON, as Voluntary Administrator of the Estate of Florence M. Morton, SS# 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, Plaintiff,**

v.

**Margaret HECKLER, as Secretary of the Department of Health and Human Services, Defendant.**

**CIV-83-644E.**

United States District Court, W.D. New York.

June 7, 1984.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff in this action brought under 42 U.S.C. §§ 405(g) and 1395ff(b) to review a denial of "Medicare" benefits by the Secretary of Health and Human Services ("the Secretary") has moved for a default judgment pursuant to Fed.R.Civ.P. rules 55(b)(2) & 55(e) or, alternatively, for a *de novo* determination of entitlement to such benefits.

On June 14, 1983 plaintiff filed a complaint with this Court on behalf of the deceased claimant, Florence M. Morton.

The Complaint alleges that the decedent had been entitled to hospital insurance benefits under Part A of the Medicare program for skilled nursing services received at the St. Joseph's Manor Nursing Home subsequent to June 21, 1980. The Complaint also states that the amount in controversy exceeds $1,000, a threshold requirement imposed by 42 U.S.C. § 1395ff(b)(2), and that plaintiff has exhausted the available administrative remedies.

On September 2, 1983 plaintiff requested that the Clerk of the Court enter a default against defendant pursuant to Fed.R.Civ.P. rule 55(a) due to defendant's failure to answer or to move against plaintiff's pleading within sixty days as required by Fed.R.Civ.P. rule 12(a). The Clerk entered default against the Secretary September 14, 1983 for failure to appear or otherwise defend as required by law.

Defendant had moved September 7, 1983 to extend her time to answer by an additional sixty days or until October 18, 1983. Defendant acknowledged that her answer had been due August 19, 1983, yet explained that a transcript of the administrative proceedings had not yet been prepared regarding plaintiff's claim and therefore a responsive pleading had not been able to be timely fashioned. Inasmuch as October 18th has come and gone and the Secretary has still not filed her responsive pleading with the administrative record, defendant's request for an extension of time until October 18th has become moot and shall be disregarded. It must be and is noted, however, that the motion for the enlargement of time did not come forward until after the original time period permitted for answering or moving had lapsed and also that even the requested later deadline was not met.

It is however clear that plaintiff is not entitled either to entry of a default judgment or to a *de novo* determination of entitlement to Medicare benefits. The arguments presented by plaintiff have been addressed in the context of judicial review of Social Security disability benefits determinations and have been repeatedly reject-

ed. *See, e.g., Williams v. Califano,* 593 F.2d 282 (7th Cir.1979); *Poe v. Mathews,* 572 F.2d 137 (6th Cir.1978).

The burden of proving entitlement to Medicare benefits is on the claimant—*see, e.g., Rendzio v. Secretary of Health, Education & Welfare,* 403 F.Supp. 917, 918 (E.D.Mich.1975)—and such burden is also initially borne by Social Security claimants—*see,* 42 U.S.C. § 423(d)(5); *Dousewicz v. Harris,* 646 F.2d 771, 772 (2d Cir.1981). Additionally, under the statutory frameworks of both systems of benefits the procedure for judicial review is governed by 42 U.S.C. § 405(g) and the scope of such review is limited to a determination whether the Secretary's decision denying benefits is supported by substantial evidence. *See, Ridgely v. Secretary of Dept. of Health, Ed. & Welf. of U.S.,* 475 F.2d 1222, 1224 (4th Cir.1973) (Medicare benefits); *Dousewicz v. Harris, supra,* at 773 (Social Security benefits). In view of these factors and the citation by both parties of Social Security decisions in support of their arguments, I find no reason to vary from either the reasoning or the holdings of the above-cited decisions in addressing plaintiff's request for either a default judgment or *de novo* review.

*Poe v. Mathews, supra,* held that it was improper for the district court to have awarded disability benefits where the administrative transcript had not been considered due to the failure of the Secretary to file it. The Court explained that Fed.R.Civ.P. rule 55(e) prohibits a judgment by default against the United States or an agency thereof unless the claimant has established his claim or right to relief by evidence satisfactory to the court and that a district court is without authority to affirm, modify or reverse a decision of the Secretary under 42 U.S.C. § 405(g) without consideration of the transcript of the agency proceedings. *Poe v. Mathews, supra,* at 138. Similarly, *Williams v. Califano, supra,* held that a claimant for Social Security benefits could not establish his entitlement to a default judgment "except by showing, in accordance with the exclusive

standard of 42 U.S.C. § 405(g), that the Secretary's determination is not 'supported by substantial evidence.' * * * Thus, even in default proceedings judgment cannot be entered without the record, and must be based on the record alone and not on a de novo reconsideration of the evidence." *Id.* at 284–285. *See also Carroll v. Secretary Dept. of Health, Ed. & Welf.,* 470 F.2d 252 (5th Cir.1972); *Bostic v. Harris,* 484 F.Supp. 686 (S.D.W.Va.1979) (reviewing court must have the record of the administrative proceedings before it in order to determine whether the denial of benefits is supported by substantial evidence).

Plaintiff relies on three decisions to support his position that a default judgment or *de novo* review is proper. However *Alameda v. Secretary of Health, Ed. & Welfare,* 622 F.2d 1044 (1st Cir.1980), merely held that the district court could rely on the claimant's brief in examining the administrative transcript where the Secretary had failed to file a brief in support of the administrative decision after numerous extensions had been granted. It was recognized that the district court "must not conduct a de novo evidentiary hearing, but rather should base its conclusion on the administrative record alone" in determining whether there was substantial evidence to support the Secretary's decision. *See id.,* at 1048. The decision does not support either of plaintiff's arguments regarding entry of a default judgment without viewing the administrative transcript or the possibility of a *de novo* determination of entitlement to benefits.

Plaintiff's reliance on *Giampaoli v. Califano,* 628 F.2d 1190 (9th Cir.1980), is also misplaced inasmuch as that action presented circumstances wherein the Social Security benefits claimant had presented a prima facie case of disability to the agency and had thereby shifted the burden of proof to the government to establish alternative gainful employment within the plaintiff's capabilities. The holding is that, when the government unreasonably delayed in presenting evidence regarding available jobs that plaintiff could perform, the district court had properly entered a judgment on the merits for plaintiff and not a default judgment within the meaning of Fed.R. Civ.P. rule 55(e). In the case at bar the burden of establishing entitlement to Medicare benefits remains upon plaintiff and the administrative record must be viewed in order to properly consider a default judgment under rule 55(e).[1]

1. I find provocative and facially tenable—albeit as yet undeveloped by research and full and deliberate consideration—a basis for reversing (not affirming or modifying) the Secretary's decisions where she has been remiss in filing the administrative record with the reviewing court. Although the disgruntled claimant has the burden of proving that the Secretary's decision is not supported by substantial evidence, the procedural burden is expressly placed upon the Secretary's shoulders to file the record. "As part of [her] answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). In a situation such as the instant one, it might well be argued that the total evidence which the Secretary *can* file—she being in default—is before the court and, because what is before the court contains no evidence and, consequently, *no evidence in support of* the Secretary's decision, her determination must be reversed as not supported by substantial evidence filed with the court. Not an untenable thesis, I contend. Suppose that she had filed an answer and had filed as part thereof a certified copy of the transcript and evidence but through inadvertence or other poor procedures had omitted therefrom a quantum of the evidence with the result that what the reviewing court had before it contained less than what would constitute substantial supporting evidence. It *seems that the reviewing court would be justified*—in fact could do nothing else—in reversing the administrative decision. This result would come about, not on the true merits of what was in front of the Secretary, but because of what was before the court. Would the Secretary be entitled as of right to rectify the inadvertence once discovered and ask the court to proceed again on the basis of the full record? It might well be that such would be a matter for the court's discretion and that it is not all that clear that it would be an abuse of such discretion to deny to the Secretary this additional "swing at the ball." That hypothetical situation and the instant one are not all that dissimilar from the point of view of consequences properly and legally flowing from procedural nonfeasance.

Finally the case of *Peveler v. Schweiker,* 557 F.Supp. 1048 (W.D.Ky.1983), also relied upon by plaintiff, must be distinguished as the court had the administrative record before it and was faced with a situation akin to that of *Giampaoli v. Califano, supra,* wherein the burden of proof had shifted to the Secretary to establish alternative available employment. In any event, although that court discussed sanctions and the possibility of a default judgment, it granted the Secretary an additional extension to respond to the plaintiff's motion for summary judgment.

Although plaintiff is not entitled to entry of a default judgment or to *de novo* review of the Medicare benefits claim, Fed.R. Civ.P. rule 55(e) does not relieve the government of its duty to defend cases. Indeed the rule's prohibition against default judgment does not preclude an entry of default against the government under rule 55(a). *See Alameda v. Secretary of Health, Ed. & Welfare, supra,* at 1048. Further, the rule does not permit the government to disobey a court's orders nor does it preclude some sort of sanction from being imposed on the government for its failure to cooperate in the expeditious adjudication of the claimant's rights.

In accordance with the foregoing the Secretary is hereby ORDERED to file her answer and a copy of the administrative record within thirty (30) days of the entry of this Memorandum and Order. It is further hereby ORDERED that plaintiff's motion for a default judgment or for *de novo* review is denied, however plaintiff may present a motion to the Court within twenty (20) days of such entry for reimbursement of costs and for attorneys fees incurred and justified in the bringing of the instant motion. Inasmuch as defendant has failed to move to set aside the September 14, 1983 entry of default, such default remains in place until an appropriate motion is made by the Secretary and subsequently heard and determined in her favor.