**Julia MORALES, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 84–1666(PG).

United States District Court, D. Puerto Rico.

Oct. 11, 1984.

Carlos F. García Enchautegui, Guayama, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying her claim for disability insurance benefits. Plaintiff's claim was disallowed initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which resulted in a decision by the ALJ affirming the Secretary's previous determination. The decision of the ALJ was affirmed by the Appeals Council on April 26, 1984, and became the final decision of the Secretary.

The plaintiff filed with this Court on June 27, 1984, her complaint seeking review of the Secretary's final decision. The defendant Secretary did not answer within sixty (60) days as required by Rule 12(a) of the Federal Rules of Civil Procedure and Rule 801.3(A) of the Rules of the United States District Court for the District of Puerto Rico. On September 6, 1984, some three days *after* the expiration of the period prescribed for the filing of the defendant Secretary's answer, the Secretary filed a motion for extension of time requesting an additional thirty days to answer the complaint. The Court, by its Order entered on September 7, 1984, granted the Secretary until October 3, 1984, to file her answer. To date, the Secretary has yet to file her answer even though the extension of time granted her expired nine (9) days ago.

It seems clear that a court may not enter a *default judgment* against the Secretary in an action such as this because of the Secretary's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure, *"unless* the claimant establishes his claim by introducing *some* evidence that the Secretary's conclusions are not supported by substantial evidence." *Alameda v. Secretary of Health, Education & Welfare,* 622 F.2d 1044, 1047 (1st Cir.1980). *See also, Montrose v. Heckler,* 579 F.Supp. 240 (D.Me.1984); *Morton v. Heckler,* 586 F.Supp. 110 (W.D.N.Y.1984). This is because of the "requirement of Fed.

R.Civ.P. 55(e) that a default judgment may issue against the United States only if 'the claimant establishes his claim or right to relief by evidence satisfactory to the court'." *Alameda,* 622 F.2d at 1047. Moreover, under 42 U.S.C. § 405(g), the Court, in awarding relief in this type of proceedings, must accept the findings of fact of the Secretary where they are supported by substantial evidence, and Section 405(h) mandates this as the exclusive standard of review. *Id., Montrose,* 579 F.Supp. at 242. Thus, even in the event of default by the Secretary, "the standard of review established by 42 U.S.C. § 405(g) and made exclusive by Section 405(h) still holds." *Williams v. Califano,* 593 F.2d 282, 284 (7th Cir.1979).

The Secretary here is clearly in default of the requirements placed upon her by Fed.R.Civ.P. 12(a), Local Rule 801.3(A) and the explicit language of 42 U.S.C. § 405(g). The federal rule requires that the Secretary serve her answer within sixty days after the service upon her of the complaint. Fed.R.Civ.P. 12(a). The local rule sets an identical time period as that in the federal rule for the Secretary to file her answer and further provides that no extension will be granted the Secretary in excess of thirty additional days. Rule 801.3(A), Rules of the United States District Court for the District of Puerto Rico. The statute requires that "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). In the case at bar, the Secretary has clearly failed to file either a responsive pleading or the administrative record as required under Section 405(g). The Secretary's "failure to comply with the rules that are intended to be applicable to all parties in this action would clearly warrant sanction, including entry of default and default judgment, against any litigant other than an agency of the United States of America." *Montrose,* 579 F.Supp. at 242. The Secretary is, nevertheless, insulated by the provisions of Rule 55(e) from entry of a

default *judgment* against her in the absence of some evidence sufficient for the Court to determine that the claimant has established his claim "by showing that there is no 'substantial evidence' supporting the Secretary." *Alameda*, 622 F.2d at 1048.

However, the *Alameda* court specifically stated that "Rule 55(e)'s limitation of *default judgment* does not prohibit an *entry* of default against the government under [Fed.R.Civ.P.] 55(a)." *Id.* (Emphasis in original). *See also, Montrose, supra*, at 113 (citing *Alameda* ). Rule 55(a) provides, in pertinent part, that: "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend* as provided by these rules ... the clerk shall enter his default." Fed.R.Civ.P. 55(a) (emphasis added). Rule 55(e) does not relieve the Secretary of her "duty to defend cases or obey the court's. orders." *Alameda*, 622 F.2d at 1048. Further, the rule cannot be construed so as to preclude any sort of sanction from being imposed on the Secretary for her failure to cooperate in the expeditious adjudication of the claimant's rights. *See, Morton, supra*, at 113. Were the Secretary a private litigant, no doubt the Court could have entered a judgment of default, "strictly on the basis of considerations of fundamental fairness and of the interest of the Court in the expeditious progress of its docket...." *Montrose, supra*, at 243. The Secretary's failure to file her answer together with the transcript amounts to a failure to plead under Rule 55(a). In addition, the Secretary has failed to comply with this Court's order granting her until October 3, 1984, to file her answer and has not even provided an explanation for her non-compliance. At this stage of the proceedings in this case we do not think that Rule 55(e) requires us to treat the Secretary differently than a private litigant. It is evident that the Secretary has abused our leniency towards her, and we are not going to sit back and do nothing when our orders are disobeyed without even the courtesy of an explanation. Thus, we believe that the entry of default pursuant to Rule 55(a) is an appro-

priate sanction to be imposed upon the Secretary in this case.

WHEREFORE, in view of the above, the Clerk of the Court is HEREBY ORDERED to enter the default of the defendant Secretary. Once default is entered, the file is to be returned to the undersigned for the setting of a hearing on default.

IT IS SO ORDERED.