Kathleen **POLIQUIN**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health & Human Services, Defendant.

Civ. No. 84–0242–P.

United States District Court, D. Maine.

Oct. 25, 1984.

Michael A. Bell, Bell & Geores, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

This is an appeal of a final decision of the Secretary of Health & Human Services pursuant to 42 U.S.C. § 405(g), terminating Plaintiff's disability benefits. The case is before the Court on Defendant's Motion to Remand and Plaintiff's Motion for Judg- ment on the Pleadings or, in the Alternative, for an Order of Interim Benefits.

Plaintiff's complaint was filed on August 3, 1984. The complaint was served upon the Secretary on August 8, 1984. Under Fed.R.Civ.P. 12(a), the Secretary's answer was due 60 days after service of the complaint, or on October 8, 1984. Additionally, "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). *See Montrose v. Heckler*, 579 F.Supp. 240 (D.Me.1984).

The Secretary did not file an answer and transcript by October 8, 1984, as required by Fed.R.Civ.P. 12(a) and the Social Security Act. On October 9, 1984, the Secretary filed a Motion to Remand the case pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) "for the purpose of locating the tape [from which the record of the administrative hearing would be transcribed] or to hold a *de novo* hearing in the event the tape cannot be found." On October 17, 1984, Plaintiff filed her Motion for Judgment on the Pleadings or, in the Alternative, for an Order of Interim Benefits.

 It is clear that the Secretary failed to timely file an answer as required by Rule 12(a). Nor did she file a motion for an extension of time within the time period she was required to file an answer. Although the Secretary is, therefore, in default within the meaning of Fed.R.Civ.P. 55(a), Rule 55(e) forbids entry of *judgment* by default against the United States "unless the claimant establishes his claim or right to relief by evidence satisfactory to the Court." See *Alameda v. Secretary of Health, Education and Welfare*, 622 F.2d 1044 (1st Cir.1980). Accordingly, this Court has refused to enter judgment of default against the Secretary under similar circumstances. *Montrose v. Heckler*, 579 F.Supp. 240 (D.Me.1984).

Instead of judgment by default, Plaintiff seeks judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) provides that a motion for judgment on the pleadings may

be filed "[a]fter the pleadings are closed." Since the pleadings are not closed until after the defendant has filed an answer, the proper course for a plaintiff in a case in which the defendant has failed to file a timely answer is a motion for default under Rule 55. *General Motors Corporation v. Blevins*, 144 F.Supp. 381 (D.Colo.1956); *Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360, 367 (D.Mont. 1977); 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1367, at 687 (1969). Moreover, to decide a motion for judgment on the pleadings where the only pleading filed is plaintiff's uncontroverted complaint would be to disregard the command of Rule 55(e), which prohibits judgment by default against the United States "unless the claimant established his claim or right to relief by evidence satisfactory to the court." Plaintiff cannot evade this rule by resort to an alternative procedural device which is clearly not applicable to this case in its present posture.

Although judgment by default or judgment on the pleadings is not proper in this case, "the Court is not without resources of a compulsory nature to force the Secretary to comply with its statutory and procedural duties with respect to progress of this litigation." *Montrose*, 579 F.Supp. at 242; *Alameda*, 622 F.2d at 1047. In *Montrose*, the Secretary failed to answer and sought remand because a portion of the hearing tape was alleged to be inaudible. The Court ordered the Secretary to file such portion of the complete administrative record as was available within ten days. *Montrose*, 579 F.Supp. at 243. In two other cases in which the Secretary sought remand because the tape of the hearing was inaudible, the Court granted the motion to remand, but ordered the Secretary to reinstate plaintiff's benefits until such time as the Secretary, after remand of the cases, rendered a final judgment. *LePage v. Heckler*, Civil No. 84–0123–P (D.Me. June 29, 1984) (unpublished order); *Longley v. Heckler*, Civil No. 84–0088–P (D.Me. June 29, 1984) (unpublished order).

In this case, the Secretary asserts that additional time is needed "to locate the hearing tape so that the hearing may be transcribed in preparation for the answer to be filed in this case." The Secretary argues that there is good cause for remand within the meaning of 42 U.S.C. § 405(g) and § 1383(c)(3). Section 405(g) provides in pertinent part:

> The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary ....

The Secretary cites the legislative history of the above section in support of the proposition that loss or inaudibility of a hearing tape constitutes "good cause" for remand. *See* H.R.Rep. No. 96–944, 96th Cong.2d Sess. 59 (1980). This legislative history must be read in the context of the language of the statute, which requires "good cause *shown*." A bare, unsupported assertion that a hearing tape has been lost does not constitute a showing of good cause. The Court reads the statute to require some fact-specific showing with respect to the circumstances leading to the unavailability or inaudibility of the hearing tape. *Cf. Ouellette v. Heckler*, 102 F.R.D. 940 (D.Me.1984) (fact-specific showing of grounds for relief under Fed.R.Civ.P. 60(b)(1) required); *Montrose*, 579 F.Supp. at 242. An unsupported assertion that the hearing tape has been lost is clearly not sufficient "good cause shown" to remand this case on motion of the Secretary.

As a practical matter, however, proper judicial review of this case is not possible without a transcript of the hearing. Therefore, in order to protect Plaintiff's right of judicial review, it will be necessary to remand the case in order that the Secretary may locate the hearing tape or conduct a *de novo* hearing if the tape cannot be located.[1] Because the Secretary has not made a showing of good cause in support of the motion for remand and because the delay occasioned by the Secre-

---

1. The Secretary also has moved for remand pursuant to the Social Security Disability Benefits Reform Act of 1984, which provides that the Court shall remand "all actions relating to medical improvement" pending before the Court on September 19, 1984. Pub.L. 98–460, § 2(d)(2).

tary's unexplained loss of the hearing tape severely prejudices Plaintiff, the Court shall exercise its power to redress the prejudice that accrues to Plaintiff as a result of the Secretary's conduct. *See Alameda, supra; Montrose, supra.* Accordingly, the Secretary shall reinstate the Plaintiff's benefits retroactively to the date of the initial termination and continue payment of them until such time as the Secretary renders a final judgment.

It is ORDERED:

(1) that the Secretary's Motion to Remand be, and is hereby, GRANTED;

(2) that Plaintiff's Motion for Judgment on the Pleadings be, and is hereby, DENIED; and

(3) that Plaintiff's Motion for Order of Interim Benefits be, and is hereby, GRANTED; and the Secretary is ORDERED to reinstate and continue payment of said benefits (including all benefits unpaid to the date of such commencement) with all due expedition.

So ORDERED.

The Secretary contends that "it is clear from the papers filed in this case that 'medical improvement' is an issue" in this case. The Court has determined, on the contrary, that it is not possible to determine the nature of this case at this point, largely because the Secretary has neglected her duty to timely file an answer and a transcript of the administrative record. Therefore, remand is granted only on the grounds stated in the text of this opinion.