**Francisca SANTIAGO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–2503(PG).**

United States District Court, D. Puerto Rico.

Dec. 11, 1984.

Manuel de Jesús Mangual, San Juan, P.R., for plaintiff.

Wanda Rubianes-Collazo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiff filed this action on October 14, 1983, pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying her claim for disability insurance benefits.

The Secretary did not answer within sixty days as required by Rule 12(a) of the Federal Rules of Civil Procedure and Rule 801.3(A)[1] of the Rules of the United States District Court for the District of Puerto Rico. On February 8, 1984, almost two months after the expiration of the period prescribed for the filing of the Secretary's answer, the Secretary filed an answer to the complaint. With the answer, the Secretary did not file a certified copy of the transcript of the record, as required in Rule 801.3(A) and 42 U.S.C. § 405(g).[2]

On February 14, 1984, the Secretary filed a motion requesting the Court to take notice that she was filing the administrative record in this case. On February 23, 1984, an amended answer was filed by the Secretary. Almost four months later, on June 8, 1984, the Secretary filed a motion for extension of time of thirty days to file memorandum of law. The reasons given for not being able to file the memorandum were the same boiler plates requests found in *Alameda v. Secretary of Health, Education and Welfare*, 622 F.2d 1044 (1st Cir. 1980), where the First Circuit Court of Appeals stated at 1046:

> We have seen no other situation where for many months the major department of the federal government not only declared itself so understaffed that it could not file the simplest of legal memoranda to help advance the resolution of claims of the most misery-ridden claimants, but did not take the trouble to explain to the court the problems it faced.

The motion for extension was granted the same day it was filed. Therefore, the Secretary had until July 8, 1984, to file the memorandum. Not only did she not file the memorandum on July 8, 1984, but on August 6, 1984, the Secretary filed the same motion as the one filed on June 8,

1984. No order was entered as to said motion. One month later, on September 6, 1984, the Secretary filed the same motion as the ones filed on June 8 and August 6, 1984. An order was entered on September 10, 1984, granting the Secretary a last extension of time. To date, the Secretary has yet to file her memorandum of law even though the extension of time granted her expired almost two months ago.

■ Plaintiff filed a motion[3] on November 30, 1984, requesting the Court to remand the case for computation of benefits because the Secretary had failed to file her memorandum of law. What plaintiff is requesting amounts to a judgment by default, and it seems clear that a court may not enter a *default judgment* against the Secretary in an action such as this because of the Secretary's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure, *"unless* the claimant establishes his claim by introducing *some* evidence that the Secretary's conclusions are not supported by substantial evidence." *Alameda v. Secretary of Health, Education and Welfare*, 622 F.2d 1044, 1047 (1st Cir.1980). *See also, Montrose v. Heckler*, 579 F.Supp. 240 (D.Me. 1984); *Morton v. Heckler*, 586 F.Supp. 110 (W.D.N.Y.1984). This is because of the "requirement of Fed.R.Civ.P. 55(e) that a default judgment may issue against the United States only if 'the claimant establishes his claim or right to relief by evidence satisfactory to the court'."

■ However, the Secretary's failure to file the requested memorandum or even explain the failure after months of delay amounted to a failure under Rule 55(a) of the Federal Rules of Civil Procedure to "otherwise defend" the suit. *Alameda, su-*

1. Rule 801.3(A) of the Rules of the United States District Court for the District of Puerto Rico provides: "The defendant (the Secretary of Health and Human Services) shall have sixty (60) days from service of process to answer the complaint and to file the transcripts of the administrative proceedings...."

2. 42 U.S.C. § 405(g) requires that "[a]s part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."

3. Although plaintiff's attorney states in the motion that he is filing as attorney for the Secretary, we understand that this is a clerical error.

*pra.* The Court can penalize a party's failure to contribute a brief as permitted or even required by Section 405(g) and (h) and Rule 55(e) [4] by considering the case on plaintiff's brief. *Alameda, supra.*

In view of the above, defendant, the Secretary, is hereby precluded from filing her memorandum of law. The plaintiff is granted twenty (20) days to file her memorandum of law in support of her complaint.

IT IS SO ORDERED.

---

**4.** Fed.R.Civ.P. 55(e) provides: "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."