**Rey F. Lorenzo ROLDAN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 84–2458(PG).**

United States District Court,
D. Puerto Rico.

July 10, 1985.

Juan A. Hernández-Rivera, Bayamón, Puerto Rico, for plaintiff.

Fidel A. Sevillano, Asst. U.S. Atty., Hato Rey, Puerto Rico, for defendant.

## ORDER

PEREZ–GIMENEZ, Chief Judge.

Plaintiff filed this action on September 27, 1984, pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) denying his claim for disability insurance benefits. The Secretary filed an answer on January 15, 1985, together with the administrative transcript. Thereafter, on March 20, 1985, the Secretary filed a Motion for Extension of Time to File Memorandum of Law and was granted until April 22, 1985, to file the memorandum. However, April 22 "came and left" and the Secretary did not file her memo, nor has she filed it to date, even though well over five months have elapsed since the filing of her answer to the complaint.

Rule 801.3(B) of the Local Rules of this Court provides that the Secretary has sixty days to file a memorandum of law in support of her position, running from the date of the filing of her answer to the complaint. The local rule further provides that no extension beyond ninety days will be granted to the Secretary to file her memorandum of law. In the case at bar, the Secretary has clearly failed to comply with the requirements placed upon her by the local rules of this Court.

We have previously emphasized that the Secretary is not relieved "of her 'duty to defend cases or obey the court's orders'" by the limitation in F.R.Civ.P. 55(e) of default judgments against the United States.* *Morales v. Secretary of Health and Human Services,* 103 F.R.D. 380, 382 (D.P.R.1984). Specifically, we stated in *Morales* that Rule 55(e) cannot be construed to preclude any sort of sanction from being imposed against the Secretary for her failure to cooperate in the expeditious adjudication of social security claims. *Id.* Moreover, we have admonished the Secretary in several occasions that we will not tolerate her unexplained failures to comply with our orders or with the requirements placed upon her by the Federal Rules of Civil Procedure and the Local Rules of this Court. *Id.* Thus, we have held that the Court can penalize the Secretary's failure to timely contribute a brief or memorandum by considering the case on plaintiff's brief. *Santiago v. Secretary of Health and Human Services,* 599 F.Supp. 722, 724 (D.P.R.1984) (*citing, Alameda v. Secretary of Health, Education and Welfare,* 622 F.2d 1044 (1st Cir.1980).

WHEREFORE, in view of the above, the Secretary is hereby precluded from filing her memorandum of law. The plaintiff is granted twenty (20) days to file his memorandum of law in support of his complaint.

IT IS SO ORDERED.

---

* Rule 55(e) provides: "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."