Louis T. POE, Plaintiff-Appellee,

v.

F. David MATHEWS, Secretary, Health, Education and Welfare, Defendant-Appellant.

No. 76–1908.

United States Court of Appeals, Sixth Circuit.

Decided Feb. 27, 1978.

William W. Milligan, U. S. Atty., Columbus, Ohio, Anthony W. Nyktas, Asst. U. S. Atty., Cincinnati, Ohio, Harry R. Silver, Ronald R. Glancz, Dept. of Justice, Civ. Div., App. Section, Mary Gallagher, Washington, D. C., for defendant-appellant.

James W. Lippert, Cincinnati, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

The Secretary of Health, Education and Welfare appeals from an order of the district court in an action seeking review of the Secretary's denial of disability insurance benefits to the plaintiff Louis T. Poe. Shortly after the complaint was filed the district court entered an order directing the Secretary to file the transcript of proceedings on a given date. When the Secretary had failed to file the transcript approximately ten weeks after the date set in its previous order the district court entered the order now under review in which it found the Secretary "in default for pleading" and in violation of the court's previous order. This order also granted the prayer of the complaint and remanded the case to the Secretary with directions to award the plaintiff benefits.

It is undisputed that the district court had no evidence before it when it directed the award of disability benefits. Of course, this condition was brought about by the failure of the Secretary to comply with the previous order of the court. This created a dilemma for the district court, particularly in view of this court's clear policy of requiring trial courts to treat social security cases with dispatch. See Webb v. Richardson, 472 F.2d 529, 538 (1972).

We can fully appreciate the district court's feeling of frustration, as this court has experienced numerous delays because of

the lack of responsiveness of the Department of Health, Education and Welfare to requests for the expeditious filing of legible and complete copies of records of administrative proceedings. Nevertheless we are constrained to reverse the judgment of the district court and remand this case. Rule 55(e), Fed.R.Civ.P. provides:

> No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

Though it was not attributable to any failure of the claimant, he has not established his "claim or right to relief" in the present case by any evidence. Thus, it was error to enter judgment by default.

■ Claims for disability benefits are statutory proceedings and judicial review of final decisions of the Secretary in cases under the Social Security Act is controlled by 42 U.S.C. § 405(g), which provides, in part:

> The court shall have power to enter, upon the pleadings *and transcript of the record,* a judgment affirming, modifying, or reversing the decision of the Secretary . . . . (emphasis supplied).

A district court is without authority to affirm, modify or reverse a decision of the Secretary in such cases without considering the transcript of the record.

We note also that § 405(g) provides that ". . . the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." The question has not been raised in this case whether mandamus would lie to compel compliance by the Secretary with this provision of the statute.

The judgment of the district court is reversed. The cause is remanded to the district court with directions to remand it to the Secretary pursuant to § 405(g).