722 F.2d 1282
 3 Soc.Sec.Rep.Ser. 314, Unempl.Ins.Rep. CCH 15,018
Sammie Gail BLANKENSHIP, et al. and Georgia Finch, et al.,
Plaintiffs-Appellees,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Defendant-Appellant.
 Nos. 82-5130, 82-5204.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 8, 1982.
Decided Dec. 1, 1983.
 
 Ronald E. Meredith, U.S. Atty., Louisville, Ky., Michael F. Spalding, Asst. U.S. Atty., Verrell L. Dethloff, Jr., Baltimore, Md., for defendant-appellant.
 Barry L. Master [Lead Counsel], Legal Aid Soc. of Louisville, Louisville, Ky., Brian P. Lawlor, Henry Freedman argued, Alan H. Kleinman, Center on Social Welfare Policy, New York City, for plaintiffs-appellees.
 Before EDWARDS and JONES, Circuit Judges and HOGAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an important case involving interpretation of the related powers of the administrative, legislative and judicial branches of government under the Constitution of the United States. In such a case, history suggests the utmost of caution on the part of all three branches in asserting potentially conflicting powers.
 
 
 2
 In its first appearance in this court, we reviewed a decision of the U.S. District Court for the Western District of Kentucky which had ordered a hearing deadline of ninety days for all applicants under federally provided social security programs. This court disagreed with the judicially imposed ninety-day hearing time limit, vacated same and remanded to the District Court to order the Secretary to issue regulations providing hearings "within a specific, reasonable time period." 42 U.S.C. Secs. 405(b) and 1383(c)(1).
 
 
 3
 The court's opinion provided a succinct summary of its action and rationale:
 
 
 4
 This class action was brought to challenge delays by the Social Security Administration in scheduling administrative hearings. The plaintiffs are Kentucky applicants for benefits under the Old-Age, Survivors, and Disability Insurance (OSADI) program and the Supplemental Security Income (SSI) program of the U.S. Department of Health, Education and Welfare. Their applications for benefits were initially denied by the state agency and, on reconsideration, by the Secretary of the United States Department of Health, Education and Welfare. The plaintiffs then sought hearings before an administrative law judge, as provided in the statute, to contest the denial of benefits.
 
 
 5
 The named plaintiffs, who have all experienced delays of more than 30 days in scheduling hearings, sought judicial relief on statutory and constitutional grounds. The District Court certified a class of Kentucky plaintiffs seeking OASDI and SSI benefits who had experienced delays of more than 30 days in obtaining a hearing. The Court took jurisdiction under 28 U.S.C. Sec. 1361 (mandamus) and 42 U.S.C. Sec. 405(g), which provides for judicial review of final decisions of the Secretary. On summary judgment, the Court found that the agency was statutorily and constitutionally required to provide a hearing within a "reasonable time." It further found that delays longer than 90 days were unreasonable, and it ordered the defendants to schedule hearings before an administrative law judge for all members of the class within 90 days of application for a hearing.
 
 
 6
 We disagree with the 90-day remedy imposed by the District Court and remand with instructions to the lower court to require the Secretary to issue regulations providing for the scheduling of administrative hearings for these applicants and others similarly situated within a specific, reasonable time period.
 
 
 7
 The District Judge has now entered another opinion in this case determining that 180 days was a time period which was "within a specific reasonable time period." 42 U.S.C. Secs. 405(b) and 1383(c)(1). He made a similar finding with respect to persons whose benefits had been terminated, suspended, or reduced and who had appealed that adverse decision, holding that they were entitled to a decision from the Appeals Council within ninety days.
 
 
 8
 The District Judge also imposed a requirement of interim payment of benefits to applicants whose petitions the Secretary failed to hear within the 180 days.
 
 
 9
 We now affirm those portions of the District Judge's order establishing the 180 day and ninety-day statutory limits and vacate this court's previous order delaying enforcement of said 180 and ninety-day time limits.
 
 
 10
 However, the portion of the previously granted order staying the District Court's order of payment of interim benefits pending the Supreme Court's decision in Day v. Schweiker, 685 F.2d 19 (2d Cir.1982), cert. granted, --- U.S. ----, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983), will remain in effect. The Supreme Court has now granted certiorari in Day and we decline to decide this issue until the Supreme Court has resolved it. The motion by appellees filed on October 21, 1983, to vacate partially the stay entered in this action, is granted to the extent noted above.
 
 
 
 *
 Honorable Timothy S. Hogan, Senior District Judge, U.S. District Court for the Southern District of Ohio, sitting by designation