# HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES v. BLANKENSHIP ET AL.

No. A–589.  Decided January 26, 1984

JUSTICE O'CONNOR, Circuit Justice.

Applicant, the Secretary of Health and Human Services (Secretary), requests that I issue a stay pending the filing and disposition of a petition for a writ of certiorari to review the *per curiam* judgment of the United States Court of Appeals for the Sixth Circuit in this case.  The Court of Appeals' judgment, affirming an order entered by the District Court for the Western District of Kentucky, requires the Secretary: (1) to promulgate regulations adopting a *nationwide* 180-day time limit for the rendering of decisions in disability benefit cases under Titles II and XVI of the Social Security Act, and (2) to promulgate regulations imposing a *nationwide* 90-day time limit for the rendering of decisions in disability termination cases under Title XVI of that Act.

1301

Although respondents requested only that the Secretary immediately be required to provide hearings and appeals to Kentucky class members, the Court of Appeals affirmed the District Court's order without limiting it in any way. The Secretary attests that the Solicitor General has determined that a petition for a writ of certiorari will be filed to seek review of this order. She further suggests that, in the meantime, it makes no sense to order her to impose nationwide time limits when this Court is about to address the propriety of a court's imposing such deadlines in even one *State* in *Heckler* v. *Day*, No. 82–1371 (argued December 5, 1983). Accordingly, she seeks a stay from this Court.

My obligation as a Circuit Justice in considering a stay application is "to determine whether four Justices would vote to grant certiorari, to balance the so-called 'stay equities,' and to give some consideration as to predicting the final outcome of the case in this Court." *Gregory-Portland Independent School District* v. *United States*, 448 U. S. 1342 (1980) (REHNQUIST, J., in chambers). These factors lead me to conclude that the request for a stay should be granted.

By granting the Secretary's petition for a writ of certiorari in *Day*, this Court has already determined that the question of judicial imposition of time limits on the disability adjudication and appeal process warrants review by this Court. The instant case presents issues of potentially even greater legal and social significance than does *Day*, because the court below has imposed on the Secretary the obligation to promulgate nationwide, as opposed to statewide, regulations. I think it is fair to say, therefore, that at least four Justices would vote to grant certiorari.

Furthermore, the balance of equities clearly weighs in favor of a stay. Imposition of nationwide time limits would, in all likelihood, require a substantial restructuring of the existing claims adjudication and appeals process. Respondents consist only of residents of Kentucky, and therefore have no standing to insist upon the imposition of deadlines for decisions on claims filed by residents of other States, as the courts

below have ordered. Moreover, since the District Court's order had been stayed for almost 20 months prior to the Court of Appeals' decision, the extension of that stay for several more months until this Court decides *Day* should not cause significant incremental hardship to the interests respondents represent in Kentucky. The Secretary remains under her statutory duty to provide hearings and appeals within a reasonable period of time, and I must assume that she will abide by the statutory requirement and make all reasonable efforts to mitigate the hardships that members of the respondent class undoubtedly suffer pending resolution of their claims. But since imposition of time limits would necessarily require a period of transition, it is unlikely that immediate implementation of the District Court's order would produce benefits for claimants in Kentucky or elsewhere. The equities therefore counsel that the order be stayed until we render our decision in *Day*.

Finally, irrespective of the likelihood of success on the merits, it is clear that the Court's opinion in *Day* will provide guidance concerning the Secretary's duties in Kentucky and elsewhere. With the equities as they are, prudence dictates that implementation of the District Court's order await our decision in that case.

I therefore grant the requested stay of the District Court's order requiring the Secretary to promulgate regulations imposing time limits on the adjudication and appeal of disability claims pending the timely filing and subsequent disposition of a writ of certiorari in this case.

*It is so ordered.*