**Sammie Gail BLANKENSHIP, on behalf of herself and on behalf of all others similarly situated in the State of Kentucky; Georgia Finch, on behalf of herself and all others similarly situated, et al., Plaintiffs–Appellees,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellant.**

No. 86–6240.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 5, 1988.

Decided Oct. 6, 1988.

Joseph M. Whittle, U.S. Atty., Louisville, Ky., Michael F. Spalding, John F. Cordes, U.S. Dept. of Justice, Appellate Staff, Civil Div., Washington, D.C., John S. Koppel (argued), for defendant-appellant.

Dennis Bricking, Legal Aid Society, Inc., Louisville, Ky., Sherry J. Leiwant, Center on Social Welfare Policy and Law, New York City, Henry A. Freedman (argued), for plaintiffs-appellees.

Before ENGEL, Chief Judge *, RYAN, Circuit Judge, and EDWARDS, Senior Circuit Judge.

RYAN, Circuit Judge.

The Secretary appeals from the district court's order granting classwide notice relief to a class of Kentucky plaintiffs who have been denied social security benefits and have been awaiting reconsideration hearings or Appeals Council decisions for over thirty days. The issue is the propriety of such classwide relief in view of the Supreme Court's decision in *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed. 2d 88 (1984), holding that federal courts cannot judicially impose mandatory deadlines on the administrative process for the resolution of disability claims as a remedy for serious delays in that process. However, because the district court's findings do not clearly establish an adequate factual predicate for the relief it has ordered, we leave the issue of whether *Day* precludes classwide notice relief for another day, and remand this case to the district court for specific factual findings establishing a basis for the relief the court has ordered.

I.

These consolidated class action suits were brought by plaintiff classes of Kentucky residents seeking relief from substantial delays at both the hearings and appeals stages of the administrative appeals process for Supplemental Security Income (SSI) and Old Age, Survivors and Disability Insurance (OASDI) benefits

* The Honorable Albert J. Engel assumed the duties of Chief Judge effective April 1, 1988.

claims. That process was described in *Day:*

> To facilitate the orderly and sympathetic administration of the disability program of Title II, the Secretary and Congress have established an unusually protective four-step process for the review and adjudication of disputed claims. First, a state agency determines whether the claimant has a disability and the date the disability began or ceased.... Second, if the claimant is dissatisfied with that determination, he may request reconsideration of the determination. This involves a de novo reconsideration of the disability claim by the state agency, and in some cases a full evidentiary hearing. Additional evidence may be submitted at this stage, either on the request of the claimant or by order of the agency. Third, if the claimant receives an adverse reconsideration determination, he is entitled by statute to an evidentiary hearing and to a de novo review by an Administrative Law Judge (ALJ).... Finally, if the claimant is dissatisfied with the decision of the ALJ, he may take an appeal to the Appeals Council of the Department of Health and Human Services (HHS).... These four steps exhaust the claimant's administrative remedies. Thereafter, he may seek judicial review in federal district court.

*Day,* 467 U.S. at 106–07, 104 S.Ct. at 2251 (citations and footnotes omitted). Although the process described in *Day* refers to Title II claims, the processing of Title XVI disability claims is similar.

The plaintiff class certified in *Blankenship* consists of Kentucky residents who have been denied SSI or OASDI benefits at the original decision and the reconsideration levels, and have not received a hearing within thirty days of their application. *Blankenship v. Secretary H.H.S.,* 532 F.Supp. 739, 747 (W.D.Ky.1982), *aff'd,* 722 F.2d 1282 (6th Cir.1983) (per curiam). The class in *Finch* consists of Kentucky residents whose Title XVI disability benefits were reduced or terminated and who had not received requested Appeals Council review within thirty days of their request. *Id.*

Although this case has been in litigation for over a decade, we need recount only the most recent developments in order to explain our disposition of this appeal.

In 1982, the district court ordered the Secretary to promulgate regulations establishing a 180–day time limit within which hearing decisions must be issued on disability claims under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.,* in cases involving terminations, suspensions, or reductions. In addition, the court directed the Secretary to promulgate regulations establishing a 90–day time limit within which appeals decisions must be issued in supplemental security income (SSI) disability claims involving terminations, suspensions, or reductions. The court also ordered that interim benefits be paid, subject to recoupment, to claimants who did not receive a hearing within 180 days of the day the hearing was requested. 532 F.Supp. at 746–47. This decision was affirmed on appeal by the Sixth Circuit in *Blankenship v. Schweiker,* 722 F.2d 1282 (1983). However, the district court's order was stayed by Justice O'Connor pending the Supreme Court's decision in *Day.* *Heckler v. Blankenship,* 465 U.S. 1301, 104 S.Ct. 966, 79 L.Ed.2d 155 (1984). After *Day* was decided, the Sixth Circuit's decision affirming was vacated and the case was remanded to the district court for reconsideration in light of *Day.* *Blankenship v. Secretary H.H.S.,* 750 F.2d 30 (1984). It is from the district court's decision on remand that the Secretary now appeals.

> On remand, the district court found that [t]he record unequivocally reveals a pattern of unreasonable delays in some instances where members of the certified classes have requested hearings before an Administrative Law Judge (ALJ) following a denial, reduction or termination of their Title II and/or Title XVI disability benefits.

"The only issue," the court stated, "is what remedy [may be employed] for these delays in light of the ... [*Day*] decision...." The district court recognized

that *Day* prohibits the use of judicially imposed mandatory deadlines designed to insure a hearing within a reasonable time, but noted that the opinion explicitly approves individual relief for unreasonable delay and does not prohibit classwide relief. Declaring that

> [t]his court will not ignore the fact that applicants for benefits under Titles II and XVI, and recipients who are contesting termination of benefits, often must wait months (or years) to obtain an administrative hearing,

the court granted classwide notice relief, in relevant part, as follows:

> Defendant is ordered to send to Title XVI and Title II disability claimants in the State of Kentucky the notice attached in this order as Appendix A.[1]

### II.

The Secretary claims the district court's injunctive order is prohibited by *Day* which, the Secretary asserts, forbids classwide relief of any kind "and permits only individual relief." Plaintiffs respond that *Day*, properly read, does not hold

> that class actions cannot be maintained in hearing delay cases; it only holds that mandatory time limits cannot be imposed on the Secretary.

The dispute turns, therefore, on the correct reading of *Day*. It is undisputed that disability claimants are entitled to a hearing within a "reasonable" time. *See Day,* 467 U.S. at 111, 104 S.Ct. at 2253. However, it is unclear whether classwide notice relief may be given to a class of plaintiffs *threatened* with unreasonable delays due to systematic process delays. The district court ordered such relief based on its finding that "the record unequivocally reveals a pattern of unreasonable delays in some instances where members of the certified classes have requested hearings before an [ALJ] following a denial, reduction or termination of their Title II and/or Title XVI benefits."

The Secretary augments his argument that classwide relief of any kind is precluded under *Day*, with citation to *Crosby v. Social Security Administration,* 796 F.2d 576 (1st Cir.1986), which held that since the crux of *Day* is that determination of the timeliness of an ALJ hearing "can be made only on a case-by-case basis," no certifiable class can be identified to claim entitlement to classwide relief for untimeliness of such hearings. 796 F.2d 576 at 580. However, the Second Circuit has decided that classwide notice relief is still viable after *Day*, and that defining the class is feasible. *Barnett v. Bowen,* 794 F.2d 17 (2d Cir. 1986). Whether *Day* precludes classwide relief of any kind is an issue of first impression for the Sixth Circuit. The First

---

1. Reluctantly, we burden this opinion with the text of Appendix "A" because some may think it necessary to an adequate understanding of this appeal. The notice reads:

 YOU HAVE A RIGHT TO HAVE A DECISION WITHIN A REASONABLE TIME AFTER YOUR HEARING REQUEST

 We are required by the federal court to give you the following notice:

 We have received your request for a hearing and will notify you at least 20 days before the hearing as to when and where it will be held. Although we will make every effort to schedule you as soon as possible, there may be a delay in scheduling your hearing. If you wish to find out the status of your hearing, you may call [Hearing Office telephone no.] or write to the hearing office at [Hearing Office address].

 You have a right to sue us in federal court if you believe that a decision in your case has been unfairly or unreasonably delayed. If, after requesting a status report of your hearing as explained above, you believe your case is being delayed unreasonably, you may seek relief in district court. Also, if you receive a decision from the Administrative Law Judge finding that you have no disability and you appeal that decision to the Social Security Appeals Council, we will make every effort to issue a decision from the Appeals Council as soon as possible. However, there may be delay in receiving your Appeals Council decision. If you believe your Appeals Council decision is being delayed unreasonably, you may seek relief in district court.

 You may wish to consult your attorney regarding your rights. If you do not have an attorney, free legal services may be available if you qualify for them due to financial need. For further information, you can contact the attorneys for the plaintiffs in the case which challenges Social Security delays in Kentucky, *Blankenship v. Secretary of Health and Human Services,* No. C 75–0185–L(A) (W.D.Ky. March 20, 1986).

and Second Circuits are the only circuits which have addressed this specific issue.[2]

In *Day*, the Supreme Court addressed facts nearly identical to those before us. A class of Vermont residents sought injunctive and declaratory relief from delays encountered in the hearing and decision stages of disability claims. The district court issued an injunction in favor of the class establishing mandatory processing deadlines for the claims. The Second Circuit affirmed this decision and the Supreme Court granted certiorari to decide "whether it is appropriate for a federal court, without statutory authorization, to prescribe deadlines for agency adjudication of Title II disability claims...." 467 U.S. at 110, 104 S.Ct. at 2253. The Court noted that "Congress repeatedly has been made aware of the long delays associated with resolution of disputed disability claims and repeatedly has considered and expressly rejected suggestions that mandatory deadlines be imposed to cure that problem." *Id.* at 111, 104 S.Ct. at 2253. Therefore, the Court held that "it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims.[33]" *Id.* at 119, 104 S.Ct. at 2257. Footnote 33 explains the Court's holding as follows:

> [33] We make clear that nothing in this opinion precludes the proper use of injunctive relief to remedy *individual* violations of § 405(b). Our decision in this case is limited to the question whether, in view of the unequivocally clear intent of Congress to the contrary, it is nevertheless appropriate for a federal court to prescribe mandatory deadlines with respect to the adjudication of disability claims under Title II of the Act. We understand that the courts below were moved by long delays that well may have caused serious deprivations. But this does not justify imposing absolute periods of limitation applicable to all claims—limitations that Congress repeatedly declined to enact.

*Id.* at n. 33 (emphasis in original).

As we have said, the Secretary reads *Day* to preclude *any* type of classwide injunctive relief. According to the Secretary and the First Circuit in *Crosby*, the *Day* Court "refused to find that the statu-

tory right to be granted a hearing within a reasonable time frame could be effectuated through the use of across-the-board time limits, and rather emphasized that injunctive relief could be properly used only 'to remedy *individual* violations of § 405(b).'" *Crosby*, 796 F.2d at 579 (quoting *Day*, 467 U.S. at 119 & n. 33, 104 S.Ct. at 2257–58 & n. 33). However, the Second Circuit in *Barnett* rejected such a broad interpretation of *Day*.

We agree with appellants' view of *Heckler v. Day*. That opinion does not foreclose all class-wide relief designed to minimize unreasonable delays in processing Title II and XVI claims. It nowhere addresses the validity of class-wide relief other than mandatory deadlines. In fact, the Court narrowly framed the issue to be decided, indicating that it granted certiorari "to consider whether it is appropriate for a federal court, without statutory authorization, to prescribe deadlines for agency adjudication of Title II disability claims and to order payment of interim benefits in the event of noncompliance." 467 U.S. at 110, 104 S.Ct. at 2253. ... The Court stated that the Secretary did not challenge the district court's determination that hearings must be held in a reasonable time or that the delays encountered by plaintiffs violated that requirement. *Id.* at 111 & n. 15, 104 S.Ct. at 2253 & n. 15. As Justice Marshall commented in dissent, "the District Court's declaratory judgment that the plaintiff class is entitled to relief is not at issue." Id. at 120, 104 S.Ct. at 2258. See also id. at 121, 104 S.Ct. at 2258–59 (Marshall, J., dissenting) (the Court's review was limited to equitable remedy imposed by the district court); *Martinez v. Califano*, No. 73 C 900 (EHN), slip op. at 4–5 (E.D.N.Y. May 28, 1985) [available on WESTLAW, 1985 WL6079] (because the district court's declaratory judgment was undisturbed by the Supreme Court, other class-wide relief was allowed). Contrary to the Secretary's argument, footnote 33 is not a categorical rejection of class-wide relief. The footnote merely makes

**2.** Many circuits have invalidated judicially imposed classwide mandatory hearing deadlines after *Day*, but no others have addressed the issue of classwide notice relief.

clear that injunctive relief would still be an appropriate remedy for individual cases involving unreasonable delays, despite the fact that "absolute periods of limitations applicable to all claims," 467 U.S. at 119 n. 33, 104 S.Ct. at 2258 n. 33, are now invalid.... Accordingly, we do not believe that footnote 33 requires all claimants seeking relief from delays in the administrative review process to press their claims only on an individual basis, as the district court found.

Under the circumstances, we think that the Court intended to do no more than it claimed to, namely, decide the validity of the district court's mandatory deadlines. Indeed, it specifically indicated that its decision was limited to this question. See 467 U.S. at 119 n. 33, 104 S.Ct. at 2258 n. 33. We deem it unlikely that the Court would make the important decision to bar class actions in this context by implication, particularly since it allowed class relief in *Califano v. Yamasaki,* 442 U.S. 682, 700–01, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979) (ordering prerecoupment hearings for OASDI recipients who request a waiver under 42 U.S.C. § 204(b) and upholding certification of nationwide class of recipients subject to recoupment).

*Barnett,* 794 F.2d at 21–2 (some citations omitted).

### III.

Initially, we must address the Secretary's contention that even if classwide notice relief is an appropriate remedy in some cases, such relief is not warranted in this case because there is not a sufficient finding of liability entitling the class to such relief. In *Crosby,* the basis for classwide notice relief to claimants who had "filed" claims regardless of the passage of time since their filing was addressed as follows:

Plaintiffs also propose, as a form of alternative relief, that a notice be sent to all claimants immediately after they request a hearing before an ALJ. This relief would eliminate the need to refer to any set time limit and, presumably, could also provide the basis for an alternative and ascertainable class definition.

We find, however, no harm to justify this remedy. An essential basis for granting equitable relief is that a class of plaintiffs suffer an identifiable injury for which a defendant is liable. The first notice requested by plaintiffs would be sent to claimants who, by definition, have not yet experienced any delay. Granting such relief, therefore, would need to be based on a finding that systematic delays affecting all claimants exist throughout the administrative process, and that prophylactic relief in the form of a first notice is thus warranted. Indeed, the *Barnett* court held that a class could be constituted of all claimants who have requested a hearing, concluding that "since the district court found unreasonable delays pervaded the administrative review process ... the likelihood that claimants may experience extensive delays may make it particularly appropriate to define the class broadly."

*Crosby,* 796 F.2d at 581.

 It is clear that regardless of the *Day* decision, classwide notice relief is only appropriate upon a showing that "systematic delays affecting all claimants exist throughout the administrative process." *Id.* However, the district court's injunctive order is devoid of any particularized findings of fact or even any specific reference to the record to support its generalized finding of "a pattern of unreasonable delay," and recites only that

The record unequivocally reveals a pattern of unreasonable delays *in some instances* where members of the certified classes have requested hearings....

(Emphasis added.) This conclusionary statement alone, without an indication of the underlying factual evidence to support it, does not constitute a finding of liability entitling the plaintiffs to the extraordinary classwide relief ordered here. While we recognize that the district court judge has superior familiarity with this decade-long litigation, the absence of specific findings demonstrating systematic delay, as required by Fed.R.Civ.P. 52(a) & 65(d), precludes our ability to review the propriety of the court's finding of "unreasonable de-

lays" according to the well-settled standards for the issuance of mandatory injunctive relief. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2962. Because such fact finding is within the exclusive province of the trial court, we are not free to shortcut the process by searching the record ourselves for evidence of "unreasonable delay." Consequently, with considerable reluctance to prolong this aging litigation, we have no alternative save to remand the case to the district court for the purpose of making specific findings of fact of *current* systematic unreasonable delay to support the court's injunctive order.

## IV.

Lastly, because we are unable to ascertain whether a factual predicate of liability entitling the plaintiffs to classwide notice relief exists, we leave for another day the question of whether, given such a factual predicate, *Day* precludes such relief.

## V.

Accordingly, we REMAND this case for factual findings in a manner consistent with this opinion.