928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John J. LOKOS, Petitioner,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.
 No. 90-3305.
 United States Court of Appeals, Federal Circuit.
 Feb. 22, 1991.
 
 MSPB
 DECISION VACATED.
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 Lokos appeals from a decision of the Merit Systems Protection Board (MSPB or Board), Docket No. PH075286A0164, reversing the initial decision of the administrative judge who had ordered the Equal Employment Opportunity Commission (EEOC) to pay Lokos' attorneys fees in the amount of $12,949 in accordance with the provisions of 5 U.S.C. Sec. 7701(g)(1) (1988).
 
 
 2
 Because we find that the Board's unreasonable delay in handing down its decision constituted a violation of Lokos' rights under 5 U.S.C. Sec. 7701, we vacate the decision of the Board and we order the EEOC to pay Lokos' counsel in the administrative proceedings attorneys fees in the sum of $12,949.
 
 OPINION
 
 3
 * Effective December 23, 1985, Lokos was ordered removed from his position as a GS-13 trial attorney in the Philadelphia District Office of the EEOC. He appealed his removal on December 27, 1985, and a hearing was scheduled to begin on April 3, 1986. However, the case was settled without a hearing through a settlement agreement in which the agency rescinded its removal decision; reinstated Lokos to a GS-12, step 10 position; paid him back pay; agreed to reassign him to San Antonio, Texas, and committed itself to promote him back to a GS-13 after six months of acceptable work. In addition, the agency agreed to expunge the poor performance evaluations that were the basis for the action. In return, Lokos withdrew his appeal to the Board; surrendered several documents procured through discovery; pledged to refrain from revealing any details about an internal audit investigation of the agency's Philadelphia District Office; agreed to pay his own moving expenses to Texas, and accepted a temporary downgrade pending his move to San Antonio.
 
 
 4
 Thereafter, Mr. Lokos filed with the MSPB a petition for attorneys fees pursuant to 5 U.S.C. Sec. 7701(g)(1). In an initial decision of July 31, 1986, the administrative judge found that the agency knew it could not prevail on the merits and that Lokos was substantially innocent of the charges lodged against him. The administrative judge also found that Lokos was the prevailing party and that the interests of justice would be served by a fee award. Accordingly, he ordered the EEOC to pay attorneys fees in the amount of $12,949.
 
 
 5
 On September 2, 1986, the EEOC filed a petition for review of the administrative judge's decision and on March 6, 1990, three years and five months thereafter, the Board reversed the administrative judge's decision and denied the petition for attorneys fees.
 
 II
 
 6
 The government's principal contention is that since Lokos raised allegations of discrimination before the MSPB, his petition for attorneys fees is subject to 5 U.S.C. Sec. 7702 and the appeal should be transferred to a district court, because this court has no jurisdiction. The argument is that in order for this court to review the Board's decision, it is necessary for us to engage in a factual inquiry to determine whether in the record before the Board, Lokos established a prima facie case of discrimination. We reject this contention on several grounds.
 
 
 7
 While this began as a mixed case, Lokos' allegation of discrimination was only one of the grounds upon which he based his petition for attorneys fees. As the administrative judge stated, Lokos contended that the agency's removal action against him was clearly without merit and was undertaken in bad faith. In his petition, Lokos submitted extensive material in support of his argument that the charges were without any foundation, i.e., that he was substantially innocent of the charges against him as the administrative judge found. (Appellant's Non-Confidential Appendix, Tab 6.)
 
 
 8
 Second, Lokos has complied with Rule 15(c) by filing a written statement with the clerk, stating that any claim of discrimination raised before the employing agency or the MSPB has been abandoned and will not be raised or continued in this or any other court. Where this has been done in a mixed case, we have jurisdiction. See Daniels v. United States Postal Serv., 726 F.2d 723, 724 (Fed.Cir.1984).
 
 III
 
 9
 Clearly, Congress intended that the MSPB should render its decisions expeditiously and in a reasonable time. 5 U.S.C. Sec. 7701(i)(4), provides that it is the duty of the Board "to expedite to the extent practicable" all proceedings. 5 U.S.C. Sec. 7701(i)(1), states that upon the submission of any appeal to the Board, the Board shall establish and announce publicly the date by which it intends to complete action on the matter. The section also provides that the date so established shall assure expeditious consideration of the appeal, consistent with the interests of fairness and other priorities of the Board. Finally, the section states that if the Board fails to complete action on the appeal by the announced date and the expected delay will exceed 30 days, the Board shall publicly announce the new date by which it intends to complete action on the appeal.
 
 
 10
 As stated above, the Board's decision involved in this appeal was not issued until three years and five months after the case was ready for decision. We find nothing in the administrative record filed with the court nor in the Government's brief which excuses or justifies the Board's long delay.
 
 
 11
 After review of the entire record, we conclude, as Lokos contends, that the Board's delay was unreasonable and constitutes a violation of his rights under 5 U.S.C. Sec. 7701.
 
 IV
 
 12
 In order to compensate claimants who have been deprived of benefits because of unreasonable delays in administrative proceedings which have violated claimants' statutory rights, the courts have fashioned equitable remedies, which may include payment of money damages. In so doing, the courts have undertaken to provide remedies which will balance efforts to afford claimants their rights with an appreciation of an agency's administrative problems. See White v. Mathews, 559 F.2d 852, 860 (2d Cir.1977), cert. denied, 435 U.S. 908 (1978); Sharpe v. Harris, 621 F.2d 530, 531 (2d Cir.1980); Lewis v. Heckler, 605 F.Supp. 9, 10-12 (E.D.Ky.1984).
 
 
 13
 Under the circumstances of this case, we have determined that the appropriate equitable remedy to be provided in this case is to adopt the decision of the administrative judge as the basis for the court's decision and judgment.
 
 CONCLUSION
 
 14
 Although Lokos has requested that he be awarded attorneys fees, the award must be paid to his counsel. Jensen v. Department of Transp., 858 F.2d 721, 723-24 (Fed.Cir.1988). Accordingly, the Equal Employment Opportunity Commission is ordered to pay Bruce Endy, Lokos' attorney in the administrative proceedings, the sum of $12,949.
 
 
 15
 Lokos has also requested that judgment be entered in his favor for attorneys fees incurred in the appeal to this court. However, we cannot consider that request unless and until he files an application for such fees in the time and manner prescribed by 28 U.S.C. Sec. 2412 and Rule 47.9 of this court.